21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
James William REED, Appellant.
 No. 93-3397.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 5, 1994.
Filed: April 8, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James William Reed appeals the 18-month sentence imposed by the district court[1] after he pleaded guilty to defrauding First American Bank of Watertown using a check-kiting scheme, in violation of 18 U.S.C. Sec. 1344. We affirm.
 
 
 2
 The PSR indicated a total offense level of 7, and a criminal history category of V, based on twelve criminal history points. Reed received two points for committing the instant offense while on parole; three points for a 1982 wire fraud conviction; one point for a 1986 theft by check misdemeanor conviction; three points for an October 1991 theft by swindle conviction; and three points for a December 1991 theft by swindle and forgery conviction. The 1986 theft by check involved $300 in insufficient fund checks. The October 1991 conviction was based on Reed's unauthorized use of a Visa card belonging to a woman acquaintance. The December 1991 conviction was based on Reed's forgery of several of the woman's personal checks and also on Reed's false representations to First American Bank on a loan application. The two 1991 convictions occurred in separate counties.
 
 
 3
 At sentencing, Reed objected to receiving one criminal history point for his 1986 misdemeanor conviction for theft by check because he was sentenced to only 29 days' imprisonment. The court counted the conviction, however, because it was similar to the instant offense-bank fraud. Reed also objected to receiving six criminal history points for the two 1991 convictions, arguing the resulting sentences were related and should be treated as one sentence for Guidelines purposes because the underlying offenses were part of a single scheme or plan. The court found the sentences should not be deemed related. The court determined a total offense level of 7, a criminal history category of V, and a Guideline range of 12 to 18 months. The court sentenced Reed to 18 months' imprisonment, to be served consecutively to an unrelated state sentence Reed was serving, five years' supervised release, and approximately $15,000 in restitution.
 
 
 4
 On appeal, Reed argues that his sentences resulting from his two 1991 convictions should be treated as a single sentence under U.S.S.G. Sec. 4A1.2 because the offenses were part of a single common scheme or plan and because the sentences "were in effect consolidated for sentencing." He also argues that his prior misdemeanor conviction for theft by check was not similar to the instant offense within the meaning of section 4A1.2(c).
 
 
 5
 In calculating a defendant's criminal history category, "[p]rior sentences imposed in unrelated cases are to be counted separately," while those imposed in related cases are "to be treated as one sentence." U.S.S.G. Sec. 4A1.2(a)(2). "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Section 4A1.2, comment. (n.3). We review de novo the district court's legal interpretation of section 4A1.2(a). United States v. Watson, 952 F.2d 982, 990 (8th Cir. 1991), cert. denied, 112 S. Ct. 1694 (1992). Despite one woman's involvement as a victim in both offenses, the offenses occurred at separate times, in separate jurisdictions, involved an additional victim and more than one scheme, and were sentenced by different courts. The cases did not become "related" or "consolidated" simply because the sentences were made concurrent. See id. at 990-91.
 
 
 6
 Section 4A1.2(c)(1) provides that prior misdemeanor sentences for "insufficient funds" checks are not counted unless that "prior offense was similar to an instant offense." We conclude that Reed's prior conviction for theft by check was sufficiently similar to his instant check-kiting offense to warrant being counted under this section.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota